IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

STELLA DAVIS                                                                                        PLAINTIFF

         v.                          Civil No. 04-6106

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                                                             DEFENDANT

## MEMORANDUM OPINION

### Factual and Procedural Background:

The plaintiff, Stella Davis, appeals from the decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner"), denying her applications for disability insurance benefits (hereinafter "DIB"), and supplemental security income benefits (hereinafter "SSI"), pursuant to §§ 216(i) and 223 of Title II of the Social Security Act (hereinafter "the Act"), *42 U.S.C. §§ 416(i)* and *423*, and § 1602 of Title XVI, *42 U.S.C. § 1381a,* respectively.

Plaintiff was 59 years of age at the time of the administrative hearing and has a ninth grade education (T. 187). She has past relevant work as: a greeter at Wal-Mart, a lumber stacker, assembly line worker and sewing machine operator (T. 189-191, 233-234, 79). Plaintiff alleges a disability onset date of July 31, 2002 (T. 53), due to: seizure disorder and the residuals therefrom; carpal tunnel syndrome (hereinafter "CTS"); lumbar and thoracic back strain; edema; anxiety/depression; headaches; weakness/dizziness; fatigue/insomnia; bursitis of the left shoulder; and, confusion and impaired memory. She filed her applications on August 22, 2002 (T. 53-55, 173-178).

The Social Security Administration denied plaintiff's application initially and on

reconsideration. She then requested and received a hearing before an Administrative Law Judge (hereinafter "ALJ"), which hearing was held on November 18, 2003 (T. 185-244). The ALJ rendered an unfavorable decision on March 4, 2004 (T. 12-21). By Order entered June 25, 2004, the Appeals Council denied the plaintiff's Request for Review of the hearing decision (T. 5-7), thus making the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks judicial review of that decision. The parties have filed appeal briefs (Doc. #7 & 8), and this matter is now ready for consideration.

**Applicable Law:**

The ALJ evaluated the plaintiff's claim according to the five-step sequential evaluation analysis prescribed by the social security regulations. See *20 C.F.R. §§ 404.1520(a)-(f);* see also *Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987)* (describing five-step analysis). At the first step, the ALJ found the plaintiff had not engaged in substantial gainful activity since her alleged onset date.[1] In the next two steps, the ALJ determined that plaintiff has an impairment considered "severe", in the form of a seizure disorder (T. 20), but that she does not have an impairment or combination of impairments listed in, or medically equal to one listed in part B of Appendix 1, Subpart P, 20 C.F.R. Part 404 ("Listing of Impairments"). Neither are the plaintiff's impairments functionally equivalent in severity to any listed impairment. The ALJ found that the plaintiff's subjective complaints, are not entirely credible. The ALJ determined that plaintiff has no physical restrictions, but due to her seizure disorder, she should avoid climbing ladders or scaffolds, working on unprotected heights, and around moving equipment

---

[1] Plaintiff alleges an onset date of July 31, 2002 (T. 53), and remains insured through December 31, 2007 (T. 20).

and hazardous machinery. Thus, the ALJ found that plaintiff's occupational base is reduced by non exertional limitations (T. 20). Next, the ALJ found that considering the plaintiff's age, educational background, and residual functional capacity (hereinafter "RFC"), she is able to make a successful vocational adjustment to other work which exists in significant numbers in the national economy. And, considering the Medical-Vocational Guidelines and using Rule 204.00 as a framework for decision making, the jobs of linen attendant and laundry worker fit that category. Finally, the ALJ found that the claimant has not been under a "disability," as defined in the Act, at any time through the date of the decision (T. 21).

Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. See *Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir.2000)*. Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id.* In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. See *Craig v. Apfel, 212 F.3d 433, 436 (8th Cir.2000)*. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, see *id.*, or because we would have decided the case differently. See *Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir.1993)*.

To establish entitlement to benefits, the plaintiff must show that she had been unable to engage in any substantial gainful activity by reason of a medically determinable impairment which had lasted or could have been expected to last for not less than 12 months. See *42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A)*.

AO72A
(Rev. 8/82)

**Discussion:**

Plaintiff argues that the ALJ erred: in finding that the plaintiff does not meet or equal a listed impairment; and, in failing to take into account the combined effect of her impairments. We agree with the plaintiff's concern regarding the combined effect of her impairments.

The plaintiff alleges numerous subjective complaints and nonexertional limitations, including: seizure disorder with residuals (T. 196, 200-201, 226, 227, 153, 118-119, 141, 155, 199, 228, 188, 202-203, 92, 93, 94, 100, 108-109, 110, 169, 154, 153, 145); back pain (T. 195, 161, 192, 209, 211, 97); edema (T. 194, 86, 157); numbness (T. 195); anxiety/depression (T. 205, 164, 229, 196, 200, 228, 90); headaches (T. 202, 153, 143, 164, 108-109, 200-201, 89, 104, 111, 10, 160, 154); weakness/dizziness (T. 203, 201, 87, 94, 99, 111, 170), fatigue/insomnia (T. 211, 89, 91, 170); bursitis of the shoulder (T. 139, 168, 97, 162); and, confusion and decreased memory (T. 207-208, 216, 223, 228, 87, 99, 111, 108-109). Further, the plaintiff states that she has no money, and suffers from side effects from her prescription medication (T. 89, 91, 97, 153, 219-220, 222, 196-197, 147, 170, 88).

The objective medical evidence contains documentation of the existence of conditions which could be expected to cause the alleged pain and other subjective allegations and nonexertional limitations. See *Dixon v. Sullivan, 905 F.2d 237, 238 (8th Cir.199)*. The ALJ who determines that a plaintiff's testimony as to pain is not credible must make specific findings explaining that conclusion. E.g., *Baker v. Secretary of Health and Human Services, 955 F.2d 552, 555 (8th Cir.1992)*.

In determining the plaintiff's residual functional capacity (hereinafter "RFC"), the ALJ failed to consider the plaintiff's numerous alleged impairments in combination. Under these

AO72A
(Rev. 8/82)

circumstances, the Social Security Act requires the Commissioner to consider the combined effect of all impairments without regard to whether any such impairment, if considered separately, would be of sufficient medical severity to be disabling. *See 20 C.F.R. § 404.1523; Cunningham v. Apfel, 222 F.3d 496, 501 (8th Cir.2000); Delrosa v. Sullivan, 922 F.2d 480, 484 (8th Cir.1991)*. In the present case, the ALJ was obligated to consider the combined effects of plaintiff's numerous physical impairments, as well as her asserted mental impairment. *See id.* Nonetheless, the only indication that the ALJ did so, is the following statement:

> It is next necessary to establish whether the claimant has a "severe" impairment or combination of impairments. An impairment is severe within the meaning of the regulations if it imposes significant restrictions in the ability to perform basic work activities. The evidence supports a finding that Ms. Davis has seizure disorder, an impairment that causes significant vocationally relevant limitations.

(T. 13).

While similar statements referring to an impairment or combination of impairments have been found by the United States Court of Appeals for the Eighth Circuit to evidence sufficient consideration of the combined effect of a plaintiff's multiple impairments, we cannot arrive at the same conclusion, herein. See *Hajek v. Shalala, 30 F.3d 89, 92 (8th Cir.1994)*. A careful reading of the ALJ's decision, along with a review of the administrative record, reveals an inadequate assessment of the totality of plaintiff's impairments. Rather, each impairment was discussed singly, not at all, or found to have no medical evidence in support of its existence (T. 13-16).

Overall, we conclude that the record does not contain substantial evidence to support the ALJ's decision that plaintiff is capable of performing other work which exists in significant

-5-

AO72A
(Rev. 8/82)

numbers in the national economy. The ALJ's decision must be reversed on this basis.

As has been noted, the plaintiff asserts the existence of disabling nonexertional limitations consisting of: insomnia/fatigue; weakness/dizziness; headache pain; confusion/memory loss; and, anxiety/depression.

In determining a plaintiff's RFC to perform a range of work activities in spite of her impairments, the ALJ must evaluate the credibility of the testimony regarding subjective pain complaints. *See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir.1984)*. In so doing, the ALJ must consider: (1) a claimant's daily activities, (2) the duration, frequency, and intensity of pain, (3) precipitating and aggravating factors, (4) dosage, effectiveness, and side effects of medication, and (5) residual functions. *Id.*

It is well settled that an ALJ may not disregard subjective pain allegations solely because they are not fully supported by objective medical evidence, *see Chamberlain v. Shalala, 47 F.3d 1489, 1494 (8th Cir.1995)*. However, an ALJ is entitled to make a factual determination that a plaintiff's subjective pain complaints are not credible in light of objective medical evidence to the contrary. *See 20 C.F.R. §§ 416.908, 416.929* (requiring that an individual's subjective complaints of pain alone shall not be conclusive evidence of disability, but must be documented by medical evidence which reasonably could be expected to produce the pain or symptoms alleged); *Sarna v. Barnhart, 32 Fed.Appx. 788, 791 (8th Cir.2002)* (explaining that "it is the ALJ's function to resolve conflicts among the physicians and witnesses"); *Black v. Apfel, 143 F.3d 383, 388 (8th Cir.1998)* (upholding denial of benefits where no objective medical evidence supported claimant's subjective pain complaints). See

also, *Ramirez v. Barnhart* 292 F.3d 576, 580 -582 (8th Cir.2002). While the ALJ acknowledged the plaintiff's complaints, he found that it was not "unreasonable to associate some of the claimant's seizure-like symptoms as anxiety related (Exhibit 9F)" (T. 16). Finding further, the ALJ stated:

> The undersigned has considered the claimant's treating physician opinion about her condition, along with her therapeutic controls. Evaluation related to the claimant's mental component did not appear severely limiting, as she testified that she is able to complete activities of daily life, such as caring for personal needs, cooking, minor cleaning, and she does ambulate independently. While she sometimes becomes nervous and reports that she has headaches and poor memory, the evidence contains no clinical or laboratory findings supporting disabling conditions in these areas. She has undergone various medication changes, and exhibited no adverse side effects to medications, and there is no indication that these medications do not adequately control impairments, or she has had any psychological or physiological abnormalities, which would preclude all work activities.

(T. 18).

Our reading of the record indicates that while the plaintiff can care for her personal needs, she doesn't bathe or shower unless her husband is present in the home, due to her fear of having a seizure while completing this task (T. 87, 97). She stated she can do laundry, dishes, change sheets and wash the car, but qualifies her answer, explaining she can only do a little bit at a time, she "can't hold out very long at a time. I get weak and shakey" (T 87, 90, 99). Further, the record documents that plaintiff clearly has complained of adverse side effects from her medication (T. 147, 170, 88, 89, 97, 196-197). Finally, the record draws into question the ALJ's statement to the effect that there is no indication plaintiff's medications do not adequately control her impairments (T. 141, 197, 223, 108-109, 95, 93).

**Conclusion:**

AO72A
(Rev. 8/82)

Accordingly, the ALJ's decision denying benefits to the plaintiff is not supported by substantial evidence and should be reversed. This matter should be remanded to the Commissioner for consideration of the combined effect of plaintiff's alleged impairments, and reconsideration of her subjective allegations and nonexertional limitations, with particular focus on the alleged side effects of her medications.

ENTERED this 12th day of September, 2005.

/s/ Bobby E. Shepherd
HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)